UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
MONTGOMERY DIVISION

ANGEL MEDINA, for himself and
on behalf of those similarly situated,

     Plaintiff,

                                      Case No.: 2:26-cv-2584

vs.

ROSA MEXICANO ARDMORE, LLC, a
Foreign Limited Liability Company

     Defendant.

_____/

**VERIFIED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

     Plaintiff, ANGEL MEDINA ("Plaintiff"), for himself and on behalf of those similarly situated, by and through his undersigned counsel, files this Collective Action Complaint and Demand for Jury Trial against Defendant, ROSA MEXICANO ARDMORE, LLC ("Defendant"), to recover unpaid wages as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §333.101, et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Plaintiff asserts his PMWA and WPCL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

     1.     Plaintiff brings this collective action to recover unpaid back wages owed to him and his fellow servers who worked with him at Defendant's restaurant ("those similarly situated") within the three years preceding the date this Complaint is filed, as the result of Defendant's failure to pay proper minimum wage, including but not limited to through its

unlawful retention of tips.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper 28 U.S.C. § 1331 as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees and costs.

3. This Court has supplemental jurisdiction over Plaintiff's PMWA and WPCL claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA and WPCL claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as his FLSA claim.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Montgomery County, Pennsylvania.

## PARTIES

5. At all times material to this action, Plaintiff was, and continues to be, a resident of Philadelphia County, Pennsylvania.

6. At all times material to this action, Defendant was, and continues to be, a Foreign Limited Liability Company. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Ardmore, Pennsylvania, with a principal place of business in New York County, New York.

7. At all times material hereto, Defendant was and is an "employer" as defined by 29 U.S.C. § 201, et seq.

8. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, PMWA, and the WPCL.

9. At all times material to this action, Defendant was Plaintiff's "employer"

2

within the meaning of the FLSA, PMWA, and the WPCL.

10. Defendant was, and continues to be, an "employer" within the meaning of the FLSA, PMWA, and the WPCL.

11. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA, PMWA, and the WPCL.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material to this action, Defendant had numerous employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as meat, liquor, spices, and other cooking/baking materials, as well as telephones and cash registers, which were used directly in furtherance of Defendant's commercial activity of running a restaurant.

**STATEMENT OF FACTS**

14. On September 5, 2025, Defendant hired Plaintiff to work as a server.

15. Customers left tips for Plaintiff and the other servers.

16. Plaintiff and those similarly situated were supposed to receive all of the tips customers left, unless support staff were working, in which case Plaintiff and those similarly situated were required to contribute to a tip pool.

17. Specifically, Defendant deducted a percentage of tips from every shift, purportedly to tip out the support staff that worked each shift with the servers. Pursuant to Defendant's system, 12% was to be distributed to food runners, 12% to bussers, and 6% to bartenders – totaling 30% of all tips.

3

18. However, on some shifts, some or all of these support staff positions were vacant.

19. Plaintiff and those similarly situated were promised that they would not be required to tip out on days where there were no support staff working, or that they would tip out less on days when fewer than a full complement of support staff were working a shift.

20. For example if there were no bussers, Plaintiff and those similarly situated were told that the 12% for bussers would not be deducted.

21. However, contrary to the agreement, Defendant deducted the same percentage (30%) of tips, even when there were no support staff or not a full complement of support staff working a shift.

22. Plaintiff raised this issue to Defendant early in his employment.

23. In response, Defendant confirmed that Plaintiff raised a legitimate problem, but has done nothing to correct the error.

24. Defendant failed to provide written notice of the tip pooling arrangement, in violation of 34 Pa. Code § 231.112(b).

25. Upon information and belief, Defendant unlawfully retained tips left for Plaintiff and those similarly situated by: (1) pocketing all or a portion of the tip pool for itself when no support staff or less than a full complement of support staff worked a shift; (2) distributing all or a portion of the tip pool to managers; and/or (3) distributing all or a portion of the tip pool to non-tipped employees.

26. These tips were/are the property of, and should have been retained by, the servers for whom the tips were left in the absence of a lawful tip pool.

27. Defendant did/does not pay the full federal/Pennsylvania minimum wage of

$7.25 per hour to Plaintiff and those similarly situated.

28. Instead, Defendant claims a "tip credit," whereby it counts employee tips toward its minimum wage obligation, thereby paying a reduced minimum wage in direct wages (the "Tip Credit Minimum Wage").

29. Defendant failed to provide required notice of its intent to claim a tip credit.

30. In the three years preceding the filing of this Complaint, Defendant failed to pay Plaintiff and those similarly situated the minimum wages owed, due to both (1) its unlawful retention and/or distribution of employee tips (on information and belief); and (2) its taking of a tip credit to which it was/is not entitled, both due to lack of notice, and because, upon information and belief, it unlawfully participated in and/or distributed the tip pool.

31. The FLSA and the WPCL entitles Plaintiff and those similarly situated to be paid the applicable minimum wage, here $7.25 per hour.

32. Defendant has violated Title 29 U.S.C. §203(m), §206, and the PMWA, during the three years preceding the filing of the Complaint in this matter, in that:

      a. Defendant failed to provide adequate notice of intention to claim a tip credit, but nonetheless paid only a Tip Credit Minimum Wage;

      b. Upon information and belief, Defendant improperly retained and/or distributed tips from a tip pool for itself;

      c. Defendant has failed to pay Plaintiff and those similarly situated proper minimum wage for all of the hours worked for Defendant as required by the FLSA, and the PMWA.

      d. No payments, or insufficient payments and/or provisions for payment,

have been made by Defendant to properly compensate Plaintiff and those similarly situated at a rate equal to the applicable minimum wage, for all hours worked.

33. Defendant acted deliberately and/or in knowing or reckless disregard of the FLSA, as Plaintiff has been complaining for months regarding these unlawful practices, and Defendant has taken no action to correct same.

34. Further, after exhausting his own efforts to seek compliance with the law, Plaintiff reached out again in December 2025, through counsel, but his counsel also received no response to inquiries regarding the allegedly unlawful pay practices.

35. However, one change Defendant did make after receiving Plaintiff's letter sent through counsel is that it changed its payroll system to one in which Plaintiff can no longer see his daily tips, which had been the principal manner through which he could see the improper deductions in each shift. Now, he only receives a total of all tips on his paycheck, making it more difficult to see his damages on a per shift basis. This, too, shows the willful nature of Defendant's continued non-compliance with the law.

36. In addition, Defendant recently held a corporate training, in March 2024, at which Plaintiff met servers from the New York location. These servers confirmed that they only tip out into a pool when support staff are working. As such, it is clear that Defendant is aware that it should not be making deductions for a tip pool when no support staff are working, and that it should not be deducting 30% when a full complement of support staff are not working. Yet, it nonetheless continues to do so at the Ardmore location, despite complaints. This, too, demonstrates Defendant's willful and reckless violations of the FLSA.

37. Defendant made an oral contract with Plaintiff and those similarly situated

6

that they would not have to tip out into a tip pool, and would not have to tip out the full 30% when less than a full complement of support staff worked a shift.

38. Defendant breached this contract when it made deductions from tips for shifts where no support staff, or less than a full complement of support staff worked the shift.

39. The amounts owed to Plaintiff and those similarly situated are wages.

40. The wages owed to Plaintiff and those similarly situated have been due and owing for more than thirty days past the pay day in which they should have been paid.

41. Plaintiff and those similarly situated have been damaged by this breach and are entitled to return of all of the tips unlawfully deducted, as well as liquidated damages thereupon, and interest on the monies owed.

## COLLECTIVE ACTION ALLEGATIONS – FLSA

42. Plaintiff and the putative collective class members are all servers in Defendant's Pennsylvania location at 105 Coulter Ave, Ardmore, PA 19003 and performed the same or similar job duties as one another in that they facilitated the provision of food and beverages to Defendant's patrons, and were all considered eligible to participate in the tip share due to their customer interaction in providing such services.

43. Plaintiff and the putative collective class members were subjected to the same pay provisions in that they were all paid a Tipped Minimum Wage, did not receive proper notice of Defendant's intention to claim a tip credit, and were subject to an unlawful mandatory tip pool.

44. Defendant's uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the tipped employee provisions of the FLSA and PMWA, and a failure to pay Plaintiff and the putative collective members the required

7

minimum wages due.

45. These policies and practices were applicable to Plaintiff and the putative collective members.

46. Accordingly, the collective is properly defined as:

**All "servers" who worked for Defendant at 105 Coulter Ave, Ardmore PA 19003, were paid a direct hourly wage of less than $7.25 per hour at any time from three years before the date the Complaint in this matter is filed, to the present.**

47. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the appropriate minimum wage with respect to Plaintiff and the putative collective members.

## CLASS ACTION ALLEGATIONS – PMWA & WPCL

48. Plaintiff incorporates herein the allegations set forth in Paragraphs 42-45.

49. Upon information and belief, the potential class of plaintiffs is so numerous that joining all members individually is impracticable, and given turnover in the restaurant and the fact that it has been open for over four years, exceeds 75 members.

50. The class is properly defined as:

**All "servers" who worked for Defendant at 105 Coulter Ave, Ardmore PA 19003, were paid a direct hourly wage of less than $7.25 per hour at any time from three years before the date the Complaint in this matter is filed, to the present.**

51. Plaintiff has no interests contrary to, or in conflict with, the members of the class of individuals he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the WPCL, and PMWA.

52. A class action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

53. Absent this litigation, those Plaintiff seeks to represent likely will not obtain

remedy for their injuries, and Defendant will receive improper benefit, even though it engaged in systematic and egregious violations of the WPCL, and the PMWA.

54. Furthermore, even in the event that other putative class members sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court.

55. Litigating this matter as a class action promotes judicial economy.

56. Questions of law and fact common to those Plaintiff seeks to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

    a. Whether Defendant employed these employees within the meaning of the WPCL and the PMWA;

    b. Whether Defendant is an employer under the WPCL and the PMWA;

    c. Whether Defendant retained any portion of employee tips;

    d. Whether Defendant distributed any portion of employee tips to managers or non-tipped employees;

    e. Whether Defendant's retention of employee tips is unlawful;

    f. Whether Defendant's distribution of any portion of employee tips to managers or non-tipped employees is unlawful;

    g. Whether Defendant provided notice of its intention to claim a tip credit;

    h. Whether the violations were willful;

    i. Whether Defendant's promise to make no deductions from tips, or less than 30% of deductions from tips, when there was no support staff, or less than a full complement of support staff, respectively, constituted a

9

contract within the meaning of the WPCL;

j.     Whether any amounts unlawfully withheld from Plaintiff and those similarly situated are wages;

k.    Whether there was no good faith basis to withhold the wages from Plaintiff and those similarly situated, such that liquidated damages are owed, in addition to tips deducted.

57.    Plaintiff is a class member: his claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, among other things, and all claims arise from on the same legal theories and remedies. Further, the allegations made by Plaintiff – namely: (1) that Defendant violated the PMWA by failing to provide notice of its intention to claim a tip credit; (2) that Defendant violated the PMWA by failing to allow employees to retain all tips in the absence of a lawful tip pool; and (3) that Defendant failed to pay all wages owed pursuant to an agreement between Defendant and its servers that deductions from tips would not be made when there were no support staff, and that less than 30% would be deducted from tips when there was less than a full complement of support staff, align sufficiently with the interests of other class members so that Plaintiff's pursuit of his interests will benefit all class members.

58.    There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a collective or class action.

59.    While the amount of damages may vary to some degree between members of the class or collective, the facts establishing liability are common. Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's

10

work dates and recorded tips are known. Therefore, this issue does not affect the ability of this matter to proceed as a class or collective.

60.    Plaintiff will fairly and adequately assert and protect the interests of all class members because among other things:

    a.    Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members;

    b.    Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class members; and

    c.    The putative class' interests will not be harmed because counsel for the Plaintiff has adequate financial resources to prosecute this litigation properly.

61.    Class certification is appropriate under Rule 23 because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

<u>**COUNT I**</u>
<u>**RECOVERY OF MINIMUM WAGES UNDER THE FLSA**</u>
<u>**Plaintiff for himself and on behalf of those similarly situated against Defendant**</u>

62.    Plaintiff re-alleges paragraphs 1 through 47 of the Complaint, as if fully set forth herein.

63.    Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendant.

64.    In the three years preceding the filing of the Complaint in this action,

Defendant failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendant.

65.     Defendant failed to provide proper notice of its intent to claim the tip credit, as required by 29 U.S.C. §203(m) of the FLSA.

66.     Defendant did not allow Plaintiff and those similarly situated to retain all tips, and, upon information and belief, did not operate a lawful tip pool either because it retained tips for itself, distributed them to managers, or distributed them to non-tipped employees.

67.     As such, Defendant was not entitled to take a "tip credit," and should have paid the full minimum wage as a direct wage, rather than a Tip Credit Minimum Wage.

68.      As a result, Plaintiff and those similarly situated have not been paid the full minimum wage for each hour worked during their employment.

69.     Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff but still failed to Plaintiff at least minimum wage.

70.     Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

71.     Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same unlawful policies and practices described above to which Plaintiff was subject.

72.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

73.     As a result of these common policies, Plaintiff, and those similarly situated,

12

are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them.

74. Plaintiff does not seek double recovery. To the extent the damages sought herein are awarded in connection with the tip theft claim below, Plaintiff seeks to recover such damages only once.

75. Defendant knew or reasonably should have known its conduct violated the FLSA.

76. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**TIP THEFT UNDER SECTION 203(m) OF THE FLSA**
**Plaintiff for himself and on behalf of those similarly situated against Defendant**

77. Plaintiff re-alleges paragraphs 1 through 47 of the Complaint, as if fully set forth herein.

78. Defendant's customers left tips for Plaintiff and those similarly situated for work they performed while hourly employees of Defendant.

79. Defendant did not allow Plaintiff and those similarly situated to retain all tips, and, upon information and belief, did not operate a lawful tip pool either because it retained tips for itself, distributed them to managers, or distributed them to non-tipped employees.

80. Plaintiff and those similarly situated are entitled to the tips left for them by customers in the absence of a lawful tip pool.

81. Due to the Defendant's intentional, willful, and unlawful acts, Plaintiff and those similarly situated suffered and continue to suffer damages in the amount of tips unlawfully retained, plus liquidated damages.

13

82. Plaintiff is entitled to disgorgement of all tips improperly retained, as well as payment of the difference between the Tip Credit Minimum Wage and the full minimum wage for each hour worked.

83. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## RECOVERY OF MINIMUM WAGES UNDER THE PWMA

84. Plaintiff re-alleges paragraphs 1 through 41 and 48-61 of the Complaint, as if fully set forth herein.

85. Defendant is an employer covered by the PWMA.

85. Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendant.

86. In the three years preceding the filing of the Complaint in this action, Defendant failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendant.

87. Defendant failed to provide proper notice of its intent to claim the tip credit, as required by 43 P.S.§ 333.103 (d)(1).

88. Defendant failed to provide written notice of the tip pooling arrangement, in violation of 34 Pa. Code § 231.112(b).

89. Defendant did not allow Plaintiff and those similarly situated to retain all tips, and, upon information and belief, did not operate a lawful tip pool either because it retained tips for itself, distributed them to managers, or distributed them to non-tipped employees.

90. As such, Defendant was not entitled to take a "tip credit," and should have paid the full minimum wage as a direct wage, rather than a Tip Credit Minimum Wage.

91.     As a result, Plaintiff and those similarly situated have not been paid the full minimum wage for each hour worked during their employment.

92.     Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff but still failed to Plaintiff at least minimum wage.

93.     Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to the PMWA.

94.     Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same unlawful policies and practices described above to which Plaintiff was subject.

95.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

96.     As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them.

97.     The PWMA provides that any employer who violates the provisions of the law shall be liable to the employee affected in the amount of their unpaid wages, together with costs and such reasonable attorney's fees incurred. See 43 P.S. §333.113.

**COUNT IV**
**WPCL**

98.     Plaintiff re-alleges paragraphs 1 through 41 and 48-61 of the Complaint, as if fully set forth herein.

99.     At all times relevant to this Complaint, Defendant was responsible for

15

payment of wages and benefits to Plaintiff and those similarly situated.

100.     At all times relevant to this Complaint, Plaintiff and those similarly situated were employed with Defendant as "employees" within the meaning of the WPCL.

101.     Under the WPCL, an employer must pay an employee all wages due and may not fail to pay an employee promised employment benefits.

102.     The WPCL also requires that all wages to be paid in the next succeeding pay period. WPCL, 43 P.S. §260.3.

103.     Defendant has failed to pay Plaintiff and those similarly situated the tips contractually promised to them by the pay period in which such wages were due. As such, Defendant has violated the provisions of the WPCL, 43 P.S. §260.1, *et seq*.

104.     Defendant breached its oral contract with Plaintiff and those similarly situated, to deduct 30% from tips for a tip pool only when a full complement of support staff was working.

105.     Defendant's conduct in failing to pay Plaintiff and those similarly situated in accordance with Pennsylvania law was intentional and willful.

106.     As a result, Plaintiff and those similarly situated are owed the wages withheld, liquidated damages of 25% of the withheld wages, interest, and reasonable attorneys' fees and costs of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Angel Medina, on behalf of himself and other members of the class/collective, seek the following relief:

   A.     An Order certifying this matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. §216(b), allowing the collective

16

members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. §216(b);

B.    An Order requiring Defendant to provide contact information for members of the collective sufficient to send the notice as described above;

C.    And Order finding Defendant liable to Plaintiff and those similarly situated for unpaid wages under the FLSA and the PMWA, as well as for liquidated damages equal in amount to their unpaid compensation under the FLSA;

D.    Designation of a class under the PMWA and the WPCL pursuant to the Pa. R. Civ. P.;

E.    An Order appointing Plaintiff as the Lead Plaintiff and his counsel as Collective/Class Counsel to represent the interest of both the FLSA and PMWA class/collective actions;

F.    An Order requiring Defendant to cease its unlawful tip pool, and to the extent it continues to maintain a tip pool to distribute all tips only to tipped employees, or, if it does not operate any tip pool, to allow the employees who receive such tips to keep all tips received;

G.    An award to Plaintiff and those similarly situated equal to the amount of tips Defendant unlawfully retained or distributed in violation of the law;

H.    An award of the difference between the Tipped Minimum Wage and the full minimum wage as to each hour worked by Plaintiff and those similarly situated for the duration of their statutes of limitations in this matter;

I.    An award of an equal amount as liquidated damages on all amounts awarded under the FLSA;

J.      An award of 25% of all amounts awarded under the WPCL as liquidated

damages for that claim, in addition to liquidated damages under the FLSA;

K.      An award of Plaintiff reasonable attorney's fees and costs and expenses of the

litigation pursuant to 29 U.S.C. §216(b);

L.      An award of Plaintiff pre-judgment interest on any amounts awarded under the

FLSA as to which liquidated damages are not awarded;

M.      An award of Plaintiff pre-judgment interest on any amounts awarded under the

PMWA and WPCL;

N.      A judgment against Defendant and in favor of Plaintiff and those similarly

situated for Defendant's violations of the FLSA, PMWA and the WPCL; and

O.      Any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 20 day of April 2026.

Respectfully Submitted,

Angeli Murthy, Esquire
PBN: 93699
Morgan & Morgan, P.A
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

18

## **VERIFICATION**

I, ANGEL MEDINA, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the

factual allegations in this Complaint are true and correct bases on my personal knowledge.

Dated: 4/20/2026 | 1:28 PM EDT

*Angel Medina*
_____

ANGEL MEDINA